**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT HARP, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA CEMETERY AND FUNERAL SERVICES, LLC, a Delaware Corporation and Does 1 to 100 inclusive,<br>Defendants. | Case No. 1:21-cv-01118-JLT-BAK<br><br>ORDER GRANTING MOTION TO REMAND AND GRANTING REQUEST FOR ATTORNEYS' FEES<br>(Doc. 7) |

Scott Harp, acting on his own behalf and on the behalf of similarly situated employees, initiated suit in state court for violations of the California Labor Code and California Business and Professions Code by his former employer, California Cemetery and Funeral Services, LLC ("CCFS"). (Doc. 1 at 18-20.) CCFS removed the case to federal court, asserting diversity jurisdiction. (*Id.* at 3.) Harp moved to remand the case to state court because it contends CCFS has not satisfied the amount in controversy requirement for diversity jurisdiction. (Doc. 7.) For the reasons set for below, the Court **GRANTS** Harp's motion to remand.

## I.   BACKGROUND

Harp filed his complaint in the Superior Court of California in Kern County, alleging CCFS violated sections of the California Labor Code §§ 226, 2699, 2751 and California Business and Professions Code § 17200 for failure to provide accurate wage statements and written

1

contracts to employees. (Doc. 1 at 18-35.) Harp brought these claims on behalf of himself, all similarly situated employees, and as a representative for the California Labor and Workforce Development Agency under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699. (*Id.* at 18, 29-32.) On July 23, 2021, CCFS filed a notice of removal. (*Id.* at 1-15.)

On August 23, 2021, Harp filed a motion to remand the case, arguing CCFS failed to adequately establish the amount in controversy for diversity jurisdiction. (Doc. 7 at 6.) Harp also seeks an award of attorneys' fees associated with its motion, arguing CCFS lacked an objective basis for removal. (*Id.* at 14-15.) In the notice of removal, CCFS alleged federal subject matter jurisdiction existed under two avenues of diversity jurisdiction: 28 U.S.C. § 1332 for Harp's individual claims and the Class Action Fairness Act ("CAFA") for all employees' claims. (Doc. 1 at 2-14.) In opposition to the motion to remand,[1] however, CCFS did not provide any factual or legal basis for jurisdiction under CAFA and only maintains diversity jurisdiction exists under § 1332. (Doc. 9 at 13.) CCFS estimates the amount in controversy to be $76,200, attributing $70,000 to attorneys' fees. (*Id.*) Because CCFS no longer asserts subject matter jurisdiction under CAFA, the only issue before the Court is whether Harp's individual claims for relief satisfy the jurisdictional requirements under § 1332.

## II.   DIVERSITY JURISDICTION

To satisfy the requirements of diversity jurisdiction under § 1332, the party invoking federal jurisdiction must show complete diversity among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Complete diversity means that "the presence of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006) (citations omitted).

---

[1] Harp contends CCFS's opposition was "late-filed." (Doc. 10 at 4 n.1.) Harp alleges CCFS's opposition was due on September 6, 2021, but CCFS filed a day late on September 7, 2021. Harp notes that September 6, 2021, fell on a federal holiday and contends this moved CCFS's deadline to September 3, 2021. *Id.* Harp's argument contradicts the Federal Rules of Civil Procedure which *extend* rather than shorten deadlines falling on federal holidays. Fed. R. Civ. Pro. 6(a)(2)(C) ("[I]f the period would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time *on the next day* that is not a Saturday, Sunday, or legal holiday.") (emphasis added). Thus, CCFS timely filed its opposition.

When the plaintiff's complaint does not state the amount in controversy, the defendant bears the burden to establish the amount in controversy at removal. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The removing party's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If the plaintiff does not contest the amount, the defendant's asserted amount should be accepted. *Id.* at 87. If, however, the plaintiff challenges the defendant's assertion, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88. This proof can include affidavits, declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). The defendant may also rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198. The party seeking to invoke the jurisdiction of the court bears the burden of supporting its jurisdictional allegations with competent proof. *See Sharma v. HIS Asset Loan Obligation Trust 2007-1*, 23 F.4th 1167, 1169 (9th Cir. 2022).

### III.   DISCUSSION

Harp does not dispute the parties are completely diverse but asserts that the amount in controversy is not satisfied. (Doc. 7 at 6; Doc. 9 at 14.) CCFS maintains this case exceeds the amount in controversy threshold because the civil penalties and damages flowing from the alleged Labor Code, Business and Professions Code, and PAGA claims amount to $6,200 and attorneys' fees total $70,000. (Doc. 9 at 13-14.) Harp does not contest the $6,200 amount but argues CCFS's calculation of attorneys' fees improperly aggregates all fees to a single plaintiff. (Doc. 7 at 9-10; Doc. 10 at 5-6.) Therefore, the parties' dispute turns on whether CCFS may attribute all attorneys' fees to a single plaintiff in a PAGA action.

**A.   Calculating Attorneys' Fees for the Amount in Controversy under PAGA**

The Ninth Circuit does not permit defendants to aggregate penalties or attorneys' fees in cases involving PAGA claims to satisfy the amount in controversy requirement. *Canela v. Costco*

*Wholesale Corp.* 971 F.3d 845, 850 (9th Cir. 2020). In *Urbino v. Orkin Services of California, Inc.*, the Court explained that civil penalties arising from PAGA actions cannot be attributed to a single plaintiff for purposes of calculating the amount in controversy under § 1332 (i.e., the penalties could not be "aggregated" to a single plaintiff) because PAGA is a representative action brought on behalf of the California Labor and Workforce Development Agency. 726 F.3d 1118, 1122-23 (9th Cir. 2013). In representative actions, claims cannot be aggregated unless they "unite to enforce a single title or right in which they have a common and undivided interest." *Id.* at 1122 (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)). When the defendant owes individual obligations to the group rather than as a collective obligation, the right is not a common and undivided interest. *Id.*; *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 944 (9th Cir. 2001) (internal quotations omitted) ("Aggregation is appropriate only where a defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally."). The Court concluded PAGA claims that address violations of California Labor Code involve injuries unique to each employee, and employers do not owe an obligation to employees "as a group." *Urbino*, 726 F.3d at 1122. Therefore, defendants cannot aggregate civil penalties under PAGA actions to a single plaintiff to meet the jurisdictional threshold. *Id.*

In *Canela*, the Ninth Circuit applied the same reasoning and prohibited aggregation of attorneys' fees stemming from PAGA actions. 971 F.3d at 849-50 (holding diversity jurisdiction requirements not met where Costco relied on a total of $1,064,800 of undivided attorneys' fees to meet the amount in controversy). Instead, courts may only consider the pro rata share of attorney's fees attributable to each plaintiff in determining whether the amount in controversy is met. *Id.*; *see also Higginbotham v. S. E. Emp. Leasing Servs., Inc.*, 2020 WL 5535421, at *4 (E.D. Cal. Sep. 15, 2020) ("In PAGA actions, only the named plaintiff-employees' pro rata share of attorneys' fees is considered."); *Arrellano v. Optum Med. Grp.*, 2019 WL 247220, at *4 (C.D. Cal. Jan 17, 2019) (citing *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1049 (N.D. Cal. 2014)) ("But, in PAGA cases, that amount must be reduced to reflect only Plaintiff's pro rata share of those fees.").

CCFS has not provided a pro rata share of attorneys' fees associated with Harp's

individual claims. Instead, CCFS argues that two recent decisions from the California Court of Appeals permit CCFS to aggregate attorneys' fees to meet the amount in controversy: *Robinson v. S. Ctys. Oil Co.*, 53 Cal. App. 5th 476 (2020), and *Starks v. Vortex Industries, Inc.*, 268 Cal. Rptr. 3d 274 (Cal. Ct. App. 2020) (ordered unpublished). (Doc. 9 at 7-9.) According to CCFS, *Robinson* and *Starks* stand for the proposition that "when multiple employees incur legal fees, if they do so in separate suits, only one of them can recover their fees under § 3699(g)(1) because only one of them could ever successfully bring a PAGA claim." (*Id.* at 8.) Under this reasoning, CCFS concludes that prorating attorneys' fees "would result in an absurdity" because Harp is the only named plaintiff and therefore, no other aggrieved employees could recover attorney fees under PAGA. CCFS contends: "That cannot be the law." (*Id.* at 9.)

But, in fact, that is the law of the Ninth Circuit. *See e.g.*, *Canela*, 971 F.3d at 849; *Urbino*, 726 F.3d at 1122; *Higginbotham*, 2020 WL 5535421, at *4. The *Robinson* or *Starks* opinions do not suggest a different result. Neither case addresses *federal* jurisdictional requirements. Rather, the outcome of *Robinson* depended on principles of claim preclusion and barred recovery under PAGA by a subsequent employee when the employer previously settled the same PAGA claim with another employee in the suit. *Robinson*, 53 Cal.App.5th at 480. The California Court of Appeals explained that because PAGA does not provide a "mechanism for opting out of the judgment entered on the PAGA claim," unlike typical class action claims, the first resolution of the PAGA claim resolves it for all other employees. *Id.* at 482. Unlike class actions, plaintiffs asserting a PAGA claim act as a proxy, or representative, for the state interest. *Id.* at 482-83. In *Starks*, the court followed the same reasoning and held the employee had no individual interest to warrant vacating the PAGA judgment entered in a case brought by another employee, because the PAGA action "functions a substitute for an action brought by the government itself." *Starks*, 268 Cal. Rptr. 3d at 282 (internal quotations omitted).

Neither *Robinson* nor *Starks* address aggregation of attorneys' fees for the purpose of determining the amount in controversy for federal jurisdiction. Furthermore, the reasoning of *Robinson* and *Starks* does not undermine the Ninth Circuit's precedent prohibiting the aggregation of fees under PAGA actions. The opinions in *Robinson* and *Stark* rest on the nature

of PAGA actions as representative actions on behalf of the state interest. *Robinson*, 53 Cal.App.5th at 482-83; *Starks*, 268 Cal. Rptr. 3d at 282. In *Urbino*, the Ninth Circuit expressly rejected the argument that because PAGA actions provide redress for "the state's collective interest in enforcing its labor laws," claims can be combined to satisfy the amount in controversy requirement. *Urbino*, 726 F.3d at 1122. Rather, the "state, as the real party in interest, is not a 'citizen' for diversity purposes." *Id.* at 1123.

District courts have also rejected similar challenges to the Ninth Circuit precedent prohibiting aggregation under PAGA. In *Higginbotham*, the defendant argued intervening California cases held "plaintiffs may not sever PAGA claims and settle them individually." 2020 WL 5535421, at *3 (citing *Kim v. Reins*, 9 Cal. 5th 73 (2020); *Khan v. Dunn-Edwards Corp.*, 19 Cal. App. 5th 804 (2018)). In *Kim* and *Khan*, the court explained that the representative nature of PAGA actions, where employees act as a proxy for the state interest, stands separately from the individual interests and rights of the employees. *Higginbotham*, 2020 WL 5535421, at *3. However, the cases "are silent as to the federal amount in controversy requirement" and they "do not recast PAGA claims from multiple employees as enforcing 'a single title or right' in which the employees have 'a common and undivided interest.'" *Id.* (quoting *Urbino*, 726 F.3d at 1122). The California state opinions do not disturb well-settled law that PAGA actions do not provide redress for a common and undivided interest of a group of aggrieved employees. *See Medina v. W. Distrib. Co.*, 2021 WL 1941691, at **2-3 (C.D. Cal. May 13, 2021) (maintaining no "common or undivided" interest for purposes of the amount in controversy requirement despite a California court's finding that "a representative action under PAGA is not a class action").

Ninth Circuit authority makes clear that even though PAGA claims are representative actions that accord a one-time recovery for civil penalties and attorneys' fees, defendants cannot aggregate damages to establish removal jurisdiction. *See Navarro v. Gruma Corp.*, 2022 WL 279008, *3 (C.D. Cal. Jan. 28, 2022) (refusing to aggregate attorneys' fees in PAGA action because "any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court"). The Court declines to extrapolate from the reasoning in *Robinson* and *Starks* to contradict the binding precedent from the Ninth Circuit. *See*

*Canela*, 971 F.3d at 849; *see also Medina*, 2021 WL 1941691, at *3 (citing *FDIC v. McSweeney*, 976 F.2d 532, 535 (9th Cir. 1992) ("Absent intervening California case law, the Court is bound by the Ninth Circuit's interpretation of California law.").

Because CCFS provides no alternative basis to calculate attorneys' fees apart from aggregation, and because it concedes Harp's individual claims only amount to $6,200 (Doc. 9 at 13), CCFS has not met its burden to establish the amount in controversy exceeds $75,000. Thus, the Court lacks subject matter jurisdiction and remands the case to state court.

**B.      Harp's Motion for Attorneys' Fees**

Harp requests the Court award attorneys' fees associated with his motion to remand. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The defendant lacks an objectively reasonable basis for removal when the law compelling remand is well established. *Pineda v. Sun Valley Packing, L.P.*, 2021 WL 5755586, at *5 (E.D. Cal. Dec. 3, 2021).

CCFS argues it had an objectively reasonable basis for removal because it relies on the recent precedent in *Robinson* and *Starks* and has not found case law rejecting its arguments arising from these cases. (Doc. 9 at 13-14.) As detailed above, however, Ninth Circuit precedent prohibiting aggregation of attorneys' fees in PAGA actions to satisfy the amount in controversy threshold is well established, despite California state cases that describe PAGA claims as representative actions. *See Urbino*, 726 F.3d at 1122-23; *see also Higginbotham*, 2020 WL 5535421, at *5. Although the case law may not explicitly explain the inapplicability of *Robinson* and *Starks* to federal removal jurisdiction, the *Higginbotham* court warned against contorting California court opinions, irrelevant to federal jurisdictional matters, to overcome contrary Ninth Circuit precent in PAGA cases. *Higginbotham*, 2020 WL 5535421, at *5 (noting defendant's "argument that removal was proper is frivolous in light of on-point, controlling authority"). Harp

7

should "not be required to pay for [CCFS's] desire to make an attempt to change long standing rules governing removal to federal court." *See Shaw v. Daifuku N. Am. Holding Co.*, 2021 WL 5578554, at *3 (E.D. Cal. Nov. 30, 2021). The Court finds awarding attorneys' fees to Harp is appropriate.

Harp requested a total fee award of $9,035.00. (Doc. 7 at 14-15.) Harp's attorney, Gregg Lander, submitted a declaration to support the request and explained his billable rate is $695.00 per hour. (Doc. 7-1 at 1-2.) He declared he spent nine hours researching and drafting the initial motion and anticipated four hours for drafting the reply and attending the hearing. (*Id.*) However, the Court did not hold a hearing to resolve this motion. (Doc. 17.) Because Harp did not delineate how much time he spent on the reply brief, the Court does not find sufficient support to award fees associated with the reply. *See Pineda*, 2021 WL 5755586, at *5 (awarding $6,255 in attorneys' fees associated with the motion to remand but refusing to award fees associated with the reply briefing because counsel did "not specify how much of the $5,335.00 in fees were incurred in preparing plaintiff's reply brief specifically"). The Court, in its discretion, finds the billable rate of $695.00 and nine hours spent drafting the motion reasonable and grants an award of $6,255.00 in attorneys' fees. *See Travelers Commer. Ins. Co. v. Liberty Utils. (Calpeco Elec.) LLC*, 2022 WL 992935, at *2 (E.D. Cal. Apr. 1, 2022) ("The court has broad discretion to award costs and fees whenever it finds that removal was wrong as a matter of law."); *see also Shaw*, 2021 WL 5578554, at *3 (finding $6,500.00 to be a reasonable attorneys' fees award for a motion to remand in a PAGA action).

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court **ORDERS**:

1. Harp's motion to remand (Doc. 7) is **GRANTED**.
2. Harp's request for attorneys' fees associated with this motion is **GRANTED** in the amount of $6,255.00
3. This action is remanded to the Superior Court of California in Kern County.

///

///

4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **May 24, 2022**

/s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE